934 F.2d 319
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Ashby HOFFMAN, Jr., Karen Hoffman, Debtors.
CHEVY CHASE, F.S.B., Plaintiff-Appellant,
v.
Ashby HOFFMAN, Jr., Karen Hoffman, Defendants-Appellees.
 No. 90-1112.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1991.
Decided June 4, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M.J. Garbis, District Judge. (CA-89-3515-MJG, BK-89-4-356-PM)
 Mitchell Barry Rosenfeld, McNeily & Rosenfeld, Washington, D.C., (Argued), for appellant; Joseph F. Giordano, Washington, D.C., on brief.
 Harris Steven Ammerman, Washington, D.C., for appellees.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ashby Hoffman, Jr., and Karen A. Hoffman, husband and wife, filed a petition under Chapter 7 of the Bankruptcy Code of 1984.[1] Chevy Chase, Federal Savings Bank (the Bank), which had issued a credit card to the Hoffmans, responded with an adversarial petition contesting the dischargeability of the debt owed to it for the use of the credit card. After an evidentiary hearing, the bankruptcy court found that the Hoffmans were not guilty of fraud in using the credit card and granted them a discharge. The district court affirmed and the Bank appeals.
 
 
 2
 Mr. and Mrs. Hoffman, a working couple with a combined annual income of over $45,000, purchased a new home just prior to the receipt of the credit card. The Bank, selecting their name and address from a list of new home owners, had solicited them to apply for the credit card. The Hoffmans replied to the solicitation and when asked to designate a specific upper limit of credit, Ashby Hoffman arbitrarily suggested the amount of $10,000. The Bank granted the request for credit in that amount after the minimal investigative procedure of checking with a local credit bureau.
 
 
 3
 After receiving the card, the Hoffmans immediately put it to use--the expenditures included the payment of $2,500 for repair of a driveway at their residence, $1,000 to purchase groceries to stock a home pantry, $550 for bathroom repairs, $1,000 for tree removal, $400 to buy automobile tires, and $600 to buy house paint supplies. They also purchased aquarium supplies and concert tickets with the credit card. To be successful under its petition, the Bank must establish that the debtors obtained the credit card funds by false pretenses, false representation, or actual fraud.[2] It must show that the debtor made misrepresentations, with the intention and purpose of deceiving or defrauding the creditor, that the creditor relied on the misrepresentations and that it sustained a loss as a proximate result of the misrepresentations or fraud. See Sweet v. Ritter Finance Co., 263 F.Supp. 540, 543 (W.D.Va.1967); In re Basham, 106 Bankr. 453, 457 (Bankr.E.D.Va.1989).
 
 
 4
 After the evidentiary hearing, the bankruptcy court found that the debtors were unsophisticated, easily swayed and persuaded by advertisements, and that they did not realize they were operating on a deficit. It found the debtors' testimony to be candid and truthful--that they were guilty of ignorance, nontraining and immaturity, but not guilty of misrepresentation nor did they possess fraudulent intent.
 
 
 5
 The bankruptcy court concluded that the Bank failed "to prove that [the debtors] fraudulently did anything at the time of the inception or during the time of the credit card, even though the Court would admit that at no time when they made those charges did they have the ability to repay that card or any of the other cards they have listed."
 
 
 6
 The district court concluded that the findings of the bankruptcy court were not clearly erroneous, and we agree. We are persuaded that conduct resulting from susceptibility to the kind of market place enticements demonstrated by this case is not the type of conduct contemplated by Sec. 523. Therefore, the judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 11 U.S.C. Secs. 701 et seq
 
 
 [2]
 See 11 U.S.C. Sec. 523(a)(2)(A)